Gerald D. Lane Jr., CA # 352470
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, FL 33305
Phone: (754) 444-7539

*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN GAINES, *individually and on behalf of all those similarly situated,*<br><br>    Plaintiff,<br><br>    vs.<br><br>MEDICREDIT INC.,<br><br>    Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

## CLASS ACTION COMPLAINT

Plaintiff Nathan Gaines ("Plaintiff") brings this action individually, and on behalf of all others similarly situation, by and through undersigned counsel, against Defendant MediCredit Inc ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1.   Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Rosenthal Fair Debt Collection Practices

Act, Cal. Civ. Code §§ 1788 *et seq.* ("Rosenthal Act").

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." Parchman v. SLM Corp., 896 F.3d 728, 738-39 (6th Cir. 2018) citing Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct which has resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members where applicable. Plaintiff also seeks statutory damages individually and members of the Class, and any other available legal or equitable remedies.

**PARTIES**

4. Plaintiff is a natural person entitled to bring this action under the TCPA, and a citizen and resident of Los Angeles County, California.

5. Defendant is a debt collection company with its principal office located at 906 Rain Forest Pkwy, Columbia, Missouri 65202.

6. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

**JURISDICTION, AND VENUE**

7. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the TCPA and FDCPA are federal statutes.

8. Supplemental jurisdiction exists for the Rosenthal Act claim under 28 U.S.C.

§1367.

9. The Court has personal jurisdiction over Defendant and venue is proper in this District as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## FACTS

10. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 5262.

11. At all times relevant, Plaintiff's number ending in 5262 was assigned to a cellular telephone service.

12. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

13. Prior to the events that give rise to this action, Plaintiff allegedly received medical services.

14. Plaintiff allegedly failed to make payments for the medical services allegedly provided to Plaintiff ("subject debt").

15. At some point in time, the subject debt was placed with Defendant for collection.

16. At some point in time, Plaintiff started receiving collection calls from Defendant in an attempt to collect the subject debt.

17. In most of the calls that Plaintiff did not answer, Defendant would leave prerecorded voicemails on Plaintiff's cellular telephone.

18. It was clear to Plaintiff that Defendant's voicemails utilized an artificial and/or prerecorded voice ("robocalls") because (1) all voicemails contained the identical message; (2) all voicemails were precisely the same duration, (3) the voicemails were all monotone and were

1  conspicuously not left by a live representative; and (4) none of the voicemails identified Plaintiff

2  by name.

3      19.     In total, Defendant placed no less than sixteen (16) collection calls to Plaintiff's

4  cellular phone as depicted below:



20.     As displayed by the above screenshots, four (4) of the telephone calls were

4
Complaint

initiated at 7:43 AM, 7:33 AM, 6:43 AM, and 7:19 AM, before the hour of 8 a.m. and after 9 p.m. (local time at Plaintiff's location).

21. Moreover, Defendant left no less than three (3) prerecorded voicemails on Plaintiff's cellular phone.

22. At no point in time did Plaintiff provide his cellular phone number to Defendant or otherwise consent to Defendant's violative phone calls.

23. Due to Defendant's willful violations, Plaintiff has been forced to file this lawsuit to compel Defendant to cease its abusive collection practices.

**CLASS ALLEGATIONS**

**PROPOSED CLASS**

24. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons pursuant to Fed. R. Civ. P. 23. The "Class" that Plaintiff seeks to represent is the below-defined **"FDCPA Class"** and **"Rosenthal Act Class"** (collectively, the "Classes").

25. The **"FDCPA Class"** consists of: **[1]** all persons with United States addresses **[2]** that Defendant or someone on Defendant's behalf **[3]** made a debt collection phone call to **[4]** between 9:00 PM and 8:00 AM **[5]** in connection with the collection of a consumer debt **[6]** within the one (1) year preceding the filing of this Complaint.

26. The **"Rosenthal Act Class"** consists of: **[1]** all persons with California addresses **[2]** that Defendant or someone on Defendant's behalf **[3]** made a debt collection phone call to **[4]** between 9:00 PM and 8:00 AM **[5]** in connection with the collection of a consumer debt **[6]** within one (1) year preceding the filing of this Complaint.

27. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

28. Defendant and their employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes but believes the members of the Classes number in the several thousands, if not more.

### NUMEROSITY

29. Upon information and belief, Defendant has placed violative debt collection phone calls to telephone numbers belonging to at least 50 persons. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

30. The exact number and identities of the members of the Classes are unknown at this time and can be ascertained only through discovery. Identification of members of the Classes is a matter capable of ministerial determination from Defendant's records.

### COMMON QUESTIONS OF LAW AND FACT

31. There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Class are:

    (a) Whether Defendant initiated debt collection phone calls to Plaintiff and the Class members before 8 a.m. or after 9 p.m.

    (b) Whether Defendant is liable for damages, and the amount of such damages.

### TYPICALITY

32. Plaintiff's claims are typical of the claims of members of the Classes, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF CLASS MEMBERS

33. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an

adequate representative and will fairly and adequately protect the interests of the Classes.

**SUPERIORITY**

34. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Classes prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

35. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain Class members are not parties to such actions.

**COUNT I**
**VIOLATIONS OF 47 U.S.C. § (B)(1)(A)(III) AND 64.1200(B)**
**(Plaintiff individually)**

36. Plaintiff individually re-alleges and incorporates the allegations set forth in Paragraphs 1-23 as if fully set forth herein.

37. Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to "any telephone

number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." Barr v. Am. Ass'n of Political Consultants, 140 S. Ct. 2335, 2344 (2020) (emphasis added).

38. Defendant violated § 227 (b)(1)(A)(iii) of the TCPA by placing no less than three (3) non-emergency calls to Plaintiff's cellular phone number utilizing an artificial or prerecorded voice without Plaintiff's consent.

39. As pled above, Defendant used an artificial or prerecorded voice which automatically played upon the call reaching Plaintiff's voicemail.

40. Defendant did not have consent to place calls to Plaintiff's cellular phone because Plaintiff never provided his number to Defendant or otherwise consented to Defendant's calls.

41. Upon information and belief, Defendant does not maintain adequate policies and procedures to ensure compliance with the TCPA.

42. Upon information and belief, Defendant knows its collection practices are in violation of the TCPA, yet it continues to employ them to maximize profits at the expense of Plaintiff and the Putative Class.

43. As set forth above, Plaintiff suffered damages as a result of Defendant's unlawful collection calls.

44. **WHEREFORE**, Plaintiff, on behalf of themselves and members of the Class, prays for the following relief:

    a. An award of statutory damages for Plaintiff in the amount of $500.00 for each negligent violation of the TCPA;

    b.    An order declaring that Defendant's actions, as set out above, violate the TCPA;

    c.    An injunction requiring Defendant to comply with 47 C.F.R. 64.1200(c)(1);

    d.    An award of treble damages up to $1,500 to Plaintiff for each willful violation of the TCPA; and

    e.    An award of attorney's fees, costs, and interest, as allowed by applicable law; and

    f.    Such further and other relief the Court deems reasonable and just.

## COUNT II
### VIOLATION OF 15 U.S.C. § 1692C(A)(1)
**(On Behalf of Plaintiff and the FDCPA Class)**

45. Plaintiff individually and on behalf of the FDCPA Class re-alleges and incorporates the allegations set forth in Paragraphs 1-35 as if fully set forth herein.

46. Section 1692c(a)(1) of the FDCPA prohibits a debt collector, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, to communicate with a consumer in connection with the collection of any debt "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contract, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock post meridian, local time at the consumer's location." 15 U.S.C. § 1692c(a)(1).

47. As set forth above, Defendant made debt collection phone calls to Plaintiff at least four (4) times before the hour of 8 a.m. or after 9 p.m. Defendant did not have the consent of Plaintiff to communicate with Plaintiff between the hours of 9:00 PM and 8:00 AM. As such, Defendant violated § 1692c(a)(1) of the FDCPA.

48.     **WHEREFORE**, Plaintiff, on behalf of themselves and members of the Class, prays for the following relief:

    a.    Determine this action is a proper class action under Federal Rules of Civil Procedure;.

    b.    A declaration that Defendant's conduct and/or practices described herein violate 15 U.S.C. § 1692c(a)(1);

    c.    Award Plaintiff and members of the FDCPA Class statutory damages pursuant to 15 U.S.C. § 1692k;

    d.    Enjoin Defendant from future violations of 15 U.S.C. § 1692c(A)(1) with respect to Plaintiff and the FDCPA Class;

    e.    Award Plaintiff and members of the FDCPA Class reasonable attorneys' fees and costs, including expert fees, pursuant to 15 U.S.C. § 1692k; and

    f.    Any other relief that this Court deems appropriate under the circumstances.

**COUNT III**
**VIOLATION OF CAL. CIV. CODE § 1788.17**
**(On Behalf of Plaintiff and the Class)**

49.     Plaintiff individually and on behalf of the Class re-alleges and incorporates the allegations set forth in Paragraphs 1-35 as if fully set forth herein.

50.     Section 1692c(a)(1) of the FDCPA, incorporated into the Rosenthal Act by Cal. Civ. Code § 1788.17, prohibits a debt collector, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, to communicate with a consumer in connection with the collection of any debt "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. *In the absence of knowledge of circumstances to the contract, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock*

*antemeridian and before 9 o'clock post meridian, local time at the consumer's location.*" 15 U.S.C. § 1692c(a)(1) (emphasis added).

51. As set forth above, Defendant made debt collection phone calls to Plaintiff at least four (4) times before the hour of 8 a.m. or after 9 p.m. Defendant did not have the consent of Plaintiff to communicate with Plaintiff between the hours of 9:00 PM and 8:00 AM.

52. As such, Defendant violated Cal. Civ. Code § 1788.17.

53. **WHEREFORE**, Plaintiff, on behalf of themselves and members of the Rosenthal Act Class, prays for the following relief:

a. Determine this action is a proper class action under California Code of Civil Procedure and Cal. Civ. Code § 1781;

b. A declaration that Defendant's conduct and/or practices described herein violate Cal. Civ. Code § 1788.17;

c. Award Plaintiff and members of the Rosenthal Act Class statutory damages pursuant to Cal. Civ. Code § 1788.17;[1]

d. Enjoin Defendant from future violations of Cal. Civ. Code § 1788.17 with respect to Plaintiff and the Rosenthal Act Class;

e. Award Plaintiff and members of the Rosenthal Act Class reasonable attorneys' fees and costs, including expert fees, pursuant to Cal Civ. Code § 1788.17;[2]

f. Any other relief that this Court deems appropriate under the circumstances.

## JURY DEMAND

Plaintiff and members of the Class hereby demand a trial by jury.

---

[1] Cal. Civ. Code § 1788.17 states that "every debt collector collecting or attempting to collect a consumer debt … shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code," which includes 15 U.S.C. § 1692k(a)(2)(A).

[2] Cal. Civ. Code § 1788.17 states that "every debt collector collecting or attempting to collect a consumer debt … shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code," which includes 15 U.S.C. § 1692k(a)(3).

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant the information as alleged herein.

Dated: May 7, 2025

Respectfully Submitted,

**GERALD D. LANE, JR., ESQ.**
California Bar No: 352470
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, FL 33305
Phone: 754-444-7539

*COUNSEL FOR PLAINTIFF*